UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN McKINS,

                    Plaintiff,

        -against-

TARA PYE; JOANNE RUSSO-LANZA;
UNITED HEBREW SOUNDVIEW SENIOR
LIVING,

                    Defendants.

19-CV-4633 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants discriminated against him on the basis of his race, disability, and prior criminal record. By order dated June 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that, in 2015 and 2016, he submitted to Defendant United Hebrew Soundview Senior Living ("Soundview") two applications for an apartment suited with railings to accommodate his disability. In May 2018, Defendant Tara Pye, a manager at Soundview, informed him that a unit with railings was available. On June 1, 2018, Plaintiff accepted the apartment. On June 4, 2018, Pye informed him that he was denied the apartment due to his prior arrests and convictions. Plaintiff alleges that he was last arrested in 1983 and last convicted in 1984.

Plaintiff appealed the denial of his application by mailing an appeal by certified mail to Defendant Joanne Russo-Lanza, a vice president of housing for Soundview. Plaintiff alleges that he has not received a decision on his appeal and Russo-Lanza has ignored his calls.

## DISCUSSION

The Court construes Plaintiff's claim as arising under the Fair Housing Act ("FHA"). The FHA allows an individual who has suffered housing discrimination because of his race, color, religion, sex, familial status, national origin, or handicap (disability)[1] to sue for relief. *See* 42 U.S.C. §§ 3604, 3613(a)(1)(A). The FHA forbids discrimination in "the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin," § 3604(b), and as to selling, renting, "or . . . otherwise mak[ing] unavailable or deny[ing] a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter," § 3604(f)(1)(A). It also forbids discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person[.]"[2] § 3604(f)(2)(A). Thus, to state a claim under the FHA, a plaintiff must plausibly allege that: (1) he was a member of a class protected by the FHA, and (2) he suffered an adverse housing action because of his membership in that protected class. *See Mazzocchi v. Windsor Owners Corp.*, No. 11-CV-7913 (LBS), 2012 WL 3288240, at *7 (S.D.N.Y. Aug. 6, 2012). A plaintiff need not exhaust administrative remedies before he commences an FHA action in a federal district court. *See* § 3613(a)(2).

---

[1] Under the FHA, the term "handicap" includes:

(1) a physical or mental impairment which substantially limits one or more of [a] person's major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance….

42 U.S.C. § 3602(h).

[2] The FHA does not, however, prohibit discrimination based on a buyer's or renter's age. *See* § 3604.

Courts have held that a disparate-impact claim is also cognizable under the FHA. *See Texas Dep't of Housing and Cmty. Affairs v. Inclusive Cmtys. Project, Inc.*, 135 S. Ct. 2507 (2015). A plaintiff bringing a disparate-impact claim challenges a policy that appears neutral on its face but nonetheless has a "disproportionately adverse impact on minorities" and cannot be justified by a legitimate rationale. *Id.* at 2513 (quoting *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009)). To establish a *prima facie* disparate-impact claim under the FHA, a plaintiff must show "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 617 (2d Cir. 2016) (internal citations omitted). At the pleading stage, plaintiffs "are not required to prove causation or disparate impact through statistical evidence." *Winfield v. City of New York*, 15-CV-5236 (LTS) (DCF), 2016 WL 6208564, at *6 (S.D.N.Y. Oct. 26, 2016).

Here, Plaintiff has failed to allege facts showing that he suffered an adverse housing action because of his race, color, religion, sex, familial status, national origin, or disability. While Plaintiff states that he is a 60-year-old Black male with a disability, he alleges that Defendants denied him housing because of his prior arrest and criminal conviction. To the extent he seeks to assert a disparate-impact claim under the FHA, Plaintiff fails to plead facts demonstrating that Soundview has a policy or practice that has caused or predictably will cause a discriminatory effect.[3] The Court therefore grants Plaintiff leave to file an amended complaint in which he alleges any facts showing how Defendants discriminated against him in violation of the FHA.

---

[3] In certain circumstances, some courts have held that a broad policy denying housing to people on the basis of a criminal conviction may be sufficient to survive a motion to dismiss. *See, e.g.*, *Sams v. Ga W. Gate, LLC*, No. CV415-282, 2017 WL 436281, at *5 (S.D. Ga. Jan. 30, 2017) (holding that a plaintiff's argument that defendants' policy of barring from residency any

# LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do and why Plaintiff believes the defendants discriminated against him on the basis of his race;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

---

individual who had certain criminal convictions in the past 99-years adversely applies to the defendant's African Americans tenants was sufficient to survive a motion to dismiss).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4633 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the action for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   July 22, 2019
         New York, New York

_Louis L. Stanton_
_____
Louis L. Stanton
U.S.D.J.

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED**
**COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ **Civil.** _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's        Name_____
                        ID#_____
                        Current Institution_____
                        Address_____
                        _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                              Where Currently Employed _____
                              Address _____
                              _____

Defendant No. 2     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


Defendant No. 3     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


Who did
what?

Defendant No. 4     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


Defendant No. 5     Name _____ Shield #_____

                    Where Currently Employed _____

                    Address _____

                    _____


## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.      In what institution did the events giving rise to your claim(s) occur?

        _____
        _____


B.      Where in the institution did the events giving rise to your claim(s) occur?

        _____


C.      What date and approximate time did the events giving rise to your claim(s) occur?

        _____
        _____
        _____


D.      Facts:_____

What
happened
to you?

        _____
        _____
        _____
        _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| Was anyone else involved? |

_____
_____
_____
_____
_____

| Who else saw what happened? |

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____     No _____     Do Not Know _____

       If YES, which claim(s)?
       _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____     No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
       _____

       1.       Which claim(s) in this complaint did you grieve?
         _____

       _____

       2.       What was the result, if any?
         _____

       _____

       3.       What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.
       _____
       _____
       _____
       _____

F.      If you did not file a grievance:

       1.       If there are any reasons why you did not file a grievance, state them here:
         _____
         _____
         _____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____ No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.


                        Signature of Plaintiff      _____

                        Inmate Number              _____

                        Institution Address         _____

                                                   _____

                                                   _____

                                                   _____


<u>Note</u>:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering

this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for

the Southern District of New York.


                        Signature of Plaintiff:  _____