```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/14/2023  
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN MCKINS,

                     Plaintiff,

  -against-

TARA PYE; JOANNE RUSSO-LANZA;
UNITED HEBREW SOUNDVIEW SENIOR
LIVING,

                     Defendants.

No. 19 Civ. 4633 (NSR)

**AMENDED ORDER OF SERVICE**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff John McKins, proceeding *pro se*, commenced this action alleging violations of the Fair Housing Act against Defendants Tara Pye, Joanne Russo-Lanza, and United Hebrew Soundview Senior Living (collectively, "Defendants") through a Complaint filed by Plaintiff on May 17, 2019. (ECF No. 2.) Plaintiff was granted leave to proceed *in forma pauperis* by order dated June 19, 2019 (ECF No. 3), but the Court *sua sponte* dismissed Plaintiff's claims on October 2, 2019 (ECF No. 5). The Second Circuit vacated the Court's dismissal and reopened the case by order dated June 29, 2020. (ECF No. 11.) To that end, this Court issued an Order of Service dated July 23, 2020, which requested Defendants—represented by counsel who had already entered an appearance in the matter—waive service. (ECF No. 13.) Although Plaintiff requested a new information package from the Court by letter dated August 17, 2022 (ECF No. 15) and received the package on August 22, 2022 (ECF No. 16), Plaintiff had otherwise not communicated with the Court since filing his Notice of Appeal on November 4, 2019. (ECF No. 7.)

    **1. Order to Show Cause**

    On January 27, 2023, this Court ordered *pro se* Plaintiff to "show cause in writing on or before February 24, 2023 why this action should not be dismissed without prejudice for want of

persecution pursuant to Fed. R. Civ. P. 41(b)." (ECF No. 17.)  Plaintiff was warned that "[f]ailure to comply with this Court's present order will result in dismissal of this case for want of prosecution." (*Id.*)  Plaintiff responded by letter dated February 24, 2023.  (ECF No. 18.)  Plaintiff explained that, "[a]s a layman," he did not know the "rules and procedures of the Court" and "was not aware that there was a time constraint to submit the information package that was received from the Court." (*Id.*)  Plaintiff added that "[a]ll efforts to find and obtain legal counsel have been to no avail." (*Id.*)  Plaintiff maintains "a steadfast interest in pursuing this matter" and believes "[j]udicial review of the facts and circumstances in this matter is much needed for intervention." (*Id.*)  Accordingly, it is hereby

ORDERED that the Order to Show Cause (ECF No. 17) be vacated.

Plaintiff is directed to contact the Pro Se Intake Unit for guidance and information regarding Court procedures by calling 212-805-0175 between the hours of 8:30 AM and 5:00 PM, Mondays and Fridays.

**2. Order of Service**

At the outset, this Court observes that no proof of service has been filed on the docket to show that Defendants were served with process.  Nonetheless, Defendants previously entered an appearance on the docket through counsel.  (ECF No. 8.)  Defendants, however, have not made any filings on the docket or otherwise communicated with the Court.  Although this Court requested Defendants waive service (ECF No. 13), it is unclear whether Defendants received actual notice of the Court's request.  Out of an abundance of caution and to ensure the sufficiency of service, this Court issues the present Order of Service.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Pye, Russo-Lanza, and United Hebrew Soundview Senior Living through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.

The Clerk of Court is further instructed to issue summonses for each of these defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon each of these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

This Court's Order to Show Cause, issued at ECF No. 17, is VACATED.

Although Defendants have entered an appearance (ECF No. 8), it does not appear they were served with process. Out of an abundance of caution and to ensure the sufficiency of service, the Clerk of Court is instructed to issue summonses for Defendants Pye, Russo-Lanza, and United Hebrew Soundview Senior Living, complete the USM-285 forms with the addresses for each of

these defendants, and deliver all documents necessary to effect service on each of these defendants to the U.S. Marshals Service.

The Clerk of Court is kindly instructed to mail a copy of this Order to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket.

SO ORDERED.

Dated: March 14, 2023
White Plains, New York

NELSON S. ROMÁN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Tara Pye
   Manager, Meadow Lane Apartments
   60 Willow Drive
   New Rochelle, New York 10805

2. Joanne Russo-Lanza
   Vice President of Housing, Meadow Lane Apartments / Soundview Apartments
   40 Willow Drive
   New Rochelle, New York 10805

3. United Hebrew Soundview Senior Living
   40 Willow Drive
   New Rochelle, New York 10805